UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

RICHARD DODD,                      )
                                   )
         Petitioner,               )
v.                                 )   No. 1:08-cv-519-DFH-JMS
                                   )
BRETT MIZE, Superintendent,        )
                                   )
         Respondent.¹              )

**Entry Discussing Petition for Writ of Habeas Corpus**

Indiana prisoner Richard Dodd ("Dodd") is entitled to the writ of habeas corpus he seeks with respect to the challenged disciplinary proceeding only if the court finds that he is "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because Dodd has not made such a showing, his petition for a writ of habeas corpus must be **denied**.

**Background**

The pleadings and the expanded record in this action establish the following:

1.   Dodd is confined at an Indiana prison. In a proceeding identified as No. ISR 07-10-0299, he was charged with violating any federal, state or local criminal law through his filing of false or fraudulent income tax documents.

2.   Dodd was provided with a copy of the charge and notified of his procedural rights in connection with the matter. A hearing was conducted on November 15, 2007, at which Dodd was present and made a statement. After considering this statement and the other evidence, the conduct board found Dodd guilty as charged. He was then sanctioned.

---

¹The petitioner's current custodian, named in his official capacity, is **substituted** as the respondent.

3.     After completing the final level of his administrative appeal, Dodd filed the present action. He contends that the disciplinary proceeding is tainted by constitutional error. His specific claims are that: (1) he was denied evidence; (2) he had insufficient notice; (3) there was insufficient evidence to find him guilty; (4) a prison policy was violated; and (5) the conduct board was biased.

## Discussion

When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the State may not deprive the inmate of good-time credits without ensuring that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). In these circumstances, Dodd was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

"The best way to conduct analysis under § 2254 is to assume that the state wants to act exactly as its officers . . . have done, and then ask whether the federal Constitution countermands that decision." *Hill v. Wilson,* 519 F.3d 366, 370 (7th Cir. 2008) (citing cases). Under *Wolff* and *Hill,* Dodd received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Dodd was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued sufficient statements of their findings, and (3) the conduct board issued written reasons for its decisions and for the sanctions which were imposed.

Dodd's arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief.

- Dodd's first claim is that he was improperly denied evidence. When notified of the charge, Dodd requested to view the confidential case file. It is undisputed that the non-confidential portions of the case file were disclosed to Dodd. The denial of the confidential report, however, was justified in this case because of the prison's valid need to maintain its investigative techniques and response procedures to reports of a possible violation of conduct rules. *Piggie v. Cotton,* 344 F.3d 674, 678 (7th Cir. 2003).

- Dodd next claims that he had insufficient notice. This claim is without merit because Dodd was notified of the charge when he received the Conduct Report, the Report of Investigation and Notice of Disciplinary Hearing ("Screening Report") on October 25, 2007. The Screening Report advised Dodd of his rights. At the screening Dodd pled not guilty, requested a lay advocate and requested a witness statement from Offender Benton, as well as the "confidential case file summary." After two postponements requested by Dodd, the disciplinary hearing was held on November 15, 2007. Dodd was provided all the notice to which he was entitled to in that he was given advance (at least 24 hours before hearing) written notice of the claimed violation. *Rasheed-Bey,* 969 F.2d at 361.

- Dodd claims that there was insufficient evidence to find him guilty of bribery of port security pursuant to 18 U.S.C. §§ 226 or 227. This claim is without merit because the charge in this case was for a violation of any law and the record thus must contain some evidence as to that charge. There is no dispute that the sections of the United States Code specified in the Conduct Report and in the Report of Investigation were incorrect, but such a mistake was in this instance an inconsequential error. The federal law violated should have referred to 18 U.S.C. §§ 286 and 287 (these sections refer to filing fraudulent claims against United States government agencies) instead of §§ 226 and 227. The error was inconsequential in this case because the actual and accurate notice consisted of the written description of the offense as "[f]iling false or fraudulent tax documents" on both the Conduct Report and the Report of Investigation and the further, though general, nature of the charged misbehavior as "[v]iolation of any Federal, State or Local Law." Thus, as Dodd well knows, the question for the conduct board was not whether he had violated prison rules of conduct by committing bribery of port security, but whether he had done so through his filing of false or fraudulent tax documents. As required by *Hill*, 472 U.S. at 455-56, there was "some evidence" to support finding Dodd guilty of filing a false tax claim. The Conduct Report specifically states that Dodd "received a tax refund check for $412.00 on 2/21/07." Because Dodd is serving a 50-year sentence and was placed in the Department of Correction as a new commitment on December 10, 1997, to receive a tax refund for the calendar year 2006 based on his claim for such a refund he would have to have filed a false and fraudulent claim with the Internal Revenue Service. Dodd admitted that he received the tax refund check. The Conduct Report and Dodd's statement provide "some evidence" of guilt. The evidence here was constitutionally sufficient.

- Dodd's claim that he is entitled to relief because a prison policy was violated does not support the relief he seeks for the quite evident reason that the mere violation of a prison policy does not constitute even a cognizable claim under § 2254. *Evans v. McBride*, 94 F.3d 1062 (7th Cir. 1996); *Colon v. Schneider,* 899 F.2d 660, 672-73 (7th Cir. 1990); *see also Del Vecchio v. Illinois Dept. of Corrections,* 31 F.3d 1363, 1370 (7th Cir. 1994)(habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law).

- Dodd seeks relief based on his claim that the conduct board was biased. This claim rests on the fact that he and a member of the conduct board had a conversation in which the conduct board member expressed her view concerning the offense with which Dodd had been charged. This conversation, significantly, occurred the day after Dodd's hearing and after the conduct board had rendered its decision. This conversation does not reveal bias against Dodd, and a conduct board that follows established procedures, whose discretion is circumscribed by regulations, and which adheres to *Wolff's* procedural requirements, does not pose a hazard of arbitrariness violative of due process. *Wolff,* 418 U.S. at 571. Those procedures were followed in this case. The claim of bias is without factual basis and is rejected as a ground supporting the award of federal habeas corpus relief.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Dodd to the relief he seeks. *McPherson v. McBride,* 188 F.3d 784, 787 (7th Cir. 1999)("as long as procedural protections are constitutionally adequate, we will not overturn a disciplinary decision solely because evidence indicates the claim was fraudulent."). Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

So ordered.

_____
DAVID F. HAMILTON, Chief Judge
United States District Court

Date:   11/11/2008